UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ESTATE OF FLORENCE W. KIRSCH, deceased,
ROBERTA K. FELDMAN, administrator,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

**DECISION AND ORDER**

6:16-CV-06599 EAW

---

## INTRODUCTION

Plaintiff Estate of Florence W. Kirsch ("Plaintiff") brings this action seeking a refund of taxes paid to defendant United States of America ("Defendant"). (*See* Dkt. 17). Presently before the Court is Defendant's motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. 11). Because Defendant has not waived sovereign immunity under the circumstances of this case, this Court lacks subject matter jurisdiction and, therefore, Defendant's motion to dismiss is granted.

## FACTUAL BACKGROUND

This case concerns the alleged overpayment of federal taxes by Florence W. Kirsch ("Ms. Kirsch"), who passed away on September 16, 2016. (Dkt. 17). Plaintiff alleges that it is owed $41,535, plus accrued interest, for Ms. Kirsch's overpayment on her 2008 federal tax return. (*See id.* at 6). In 2008, Ms. Kirsch had $13,001 withheld, and had $14,900 applied to her 2008 tax liability from her 2007 return. (Dkt. 17-1 at 3). Additionally, although Ms. Kirsch's 2008 tax return was due on April 15, 2009, she

requested an extension of time to file until October 15, 2009, and with her request for an extension, Ms. Kirsch paid an additional $22,718. (*See id.* at ¶ 17; Dkt. 17-1 at 3). In total, Plaintiff paid $50,619 in federal taxes in 2008, against a liability of $9,713. (Dkt. 17-1 at 3).

Ms. Kirsch's 2008 tax return was not filed until June 5, 2014. (Dkt. 17 at ¶ 21). Plaintiff asserts that the delay in filing was due to Ms. Kirsh's "financial disability," and because she had not authorized anyone to file a return and refund claim on her behalf until 2013. (*Id.* at ¶ 21).

In an attempt to remedy the untimely nature of her submission, Ms. Kirsch submitted two key documents to the Internal Revenue Service ("IRS"). (*See* Dkt. 17-5). The first was a statement from Ms. Kirsch's physician, Dr. Cynthia L. Mazzoni, M.D. ("Dr. Mazzoni"). (*Id.* at 6). Dr. Mazzoni certified that:

> Florence W. Kirsch is a patient known to me.
> 1. [Ms.] Kirsch has been diagnosed with a cognitive mental impairment;
> 2. It is my medical opinion that in addition to issues in remembering to take certain medications, her mental impairment has prevented [Ms.] Kirsch from managing certain aspects of her financial affairs;
> 3. It is my medical opinion that the mental impairment has lasted for a continuous period of not less than twelve months and will continue to last indefinitely;
> 4. While first diagnosed on January 3, 2012, [Ms.] Kirsch first began reporting issues with her memory in 2007. Given the progressive nature of cognitive mental impairments, [Ms.] Kirsch would have begun to experience adverse effects of her mental impairment first in 2007 and it became progressively worse.
>
> I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete[.]

(*Id.*).

Harold Kirsch ("Harold"), Ms. Kirsch's son, sent the second statement. (*See id.* at 7). It states:

> I was authorized to act on behalf of [Ms. Kirsch] in financial matters during the period described in Paragraph 4 of the letter from Dr. Mazzoni dated October 22, 2015. . . . However, the durable power of attorney was only effective after April 1, 2009. I did not exercise such authority during that period described in Paragraph 4, referenced above, because I had no knowledge living on the west coast that my assistance and authority were required. It is only recently, after the taxpayer's symptoms have become more pronounced, that I have begun to contemplate exercising my authority as prescribed in the power of attorney.

(*Id.*). The durable power of attorney described in Harold's letter was the second of two executed by Ms. Kirsch. (Dkt. 17 at ¶¶ 14-16). The first, executed on December 26, 2003, appointed Ms. Kirsch's "husband Seymour Kirsch . . . as her agent, and her son Kenneth Kirsch ("Ken") . . . as her successor agent." (*Id.* at ¶ 14). Seymour Kirsch passed away on March 28, 2009. (*Id.* at ¶ 15).

Ken discovered that he was appointed as the successor agent on the first durable power of attorney in December 2012. (*Id.* at ¶ 19). Ken began assisting Ms. Kirsch with her financial matters in early 2013. (*Id.*).

## PROCEDURAL BACKGROUND

Plaintiff filed this action on August 29, 2016. (Dkt. 1). Plaintiff filed an amended complaint on November 16, 2016. (Dkt. 10). On December 22, 2016, Defendant moved to dismiss the amended complaint for lack of jurisdiction. (Dkt. 11). Plaintiff then filed a second amended complaint. (Dkt. 17). Defendant advised the Court of its position that the second amended complaint did not moot its motion to dismiss. (*See* Dkt. 20). Defendant submitted an updated memorandum in support of its motion, (Dkt. 21), to

which Plaintiff responded. (Dkt. 24). Defendant replied to Plaintiff's response. (Dkt. 25). Oral argument was held before the undersigned on June 28, 2017, and this Court reserved decision. (*See* Dkt. 32).

## DISCUSSION

### I. Standard of Review

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction . . . , a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). "Indeed, a challenge to the jurisdictional elements of a plaintiff's claim allows the [c]ourt 'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 289 F. Supp. 2d 392, 399 (S.D.N.Y. 2003) (citation omitted), *aff'd*, 403 F.3d 76 (2d Cir. 2005). "The court may consider affidavits and other materials beyond the pleadings but cannot 'rely on conclusory or hearsay statements contained in the affidavits.'" *Young v. United States*, No. 12-CV-2342 (ARR)(SG), 2014 WL 1153911, at *6 (E.D.N.Y. Mar. 20, 2014) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)); *see, e.g., Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002) ("[T]he district court can refer to evidence outside the

pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.").

II. **This Court Lacks Subject Matter Jurisdiction to Hear this Case**

Defendant argues that it has not waived sovereign immunity, and, therefore, this Court lacks subject matter jurisdiction. (Dkt. 21 at 7-20). Specifically, Defendant argues that Plaintiff failed to present sufficient documentation to the IRS such that any tolling of the statute of limitations—which is jurisdictional in nature—applies. (*Id.*).

A. **The United States' Waiver of Sovereign Immunity**

The "United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). In the absence of clear congressional consent, "there is no jurisdiction . . . to entertain suits against the United States." *United States v. Sherwood*, 312 U.S. 584, 587-88 (1941). "[T]he plaintiff bears the burden of establishing that her claims fall within an applicable waiver [of sovereign immunity]." *Makarova*, 201 F.3d at 113.

Congress has waived sovereign immunity to suit for the recovery of erroneously paid taxes, however

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been ***duly filed*** with the [Treasury] Secretary, according to the provisions of law in

that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (emphasis added). Absent compliance with the regulations put forth by the Secretary, there is no waiver of sovereign immunity, and, therefore, no subject matter jurisdiction. *Kirsh v. United States*, 258 F.3d 131, 132 (2d Cir. 2001); *see, e.g., Donnelly v. United States*, 550 F. App'x 54, 54 (2d Cir. 2014) (citing *United States v. Dalm*, 494 U.S. 596, 608-10 (1990)); *see also United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 272 (1931) ("The filing of a claim or demand as a prerequisite to a suit to recover taxes paid is a familiar provision of the revenue laws, compliance with which may be insisted upon. . . .").

"'Duly filed' has been defined as filing a claim within the statute of limitations." *Kirsh v. United States*, 131 F. Supp. 2d 389, 391 (S.D.N.Y. 2000), *aff'd* 258 F.3d 131 (2d Cir. 2001). The statute of limitations for filing a claim for a refund of an overpayment of tax is "3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." 26 U.S.C. § 6511(a); *see, e.g., AmBase Corp. v. United States*, 731 F.3d 109, 118 (2d Cir. 2013). Additionally, the statute provides for "look-back" periods. *Comm'r of Internal Revenue v. Lundy*, 516 U.S. 235, 240 (1996).

> If the claim is filed "within 3 years from the time the return was filed," . . . then the taxpayer is entitled to a refund of "the portion of the tax paid within the 3 years immediately preceding the filing of the claim [plus the time of any extension for filing the return]." [26 U.S.C.] § 6511(b)(2)(A). . . . If the claim is not filed within that 3-year period, then the taxpayer is entitled to a refund of only that "portion of the tax paid during the 2 years immediately preceding the filing of the claim." [26 U.S.C.] § 6511(b)(2)(B). . . .

*Lundy*, 516 U.S. at 240. "Withholding taxes are deemed to have been paid on April 15 of the year following the year in which they were withheld." *Pasterino v. United States*, 164 F.3d 618, 1998 WL 712439 (Table), at *1 (2d Cir. 1998) (citing 26 U.S.C. § 6513(b)(1)). Tax paid with a request for an extension is also deemed to have been paid on April 15 of the year following the taxable year, without regard to the extension. *See* 26 U.S.C. § 6513(b)(2).

Section 6511 provides that when an individual is "financially disabled," the time limitations noted above are tolled. *Id.* § 6511(h). An individual qualifies as financially disabled where she "is unable to manage [her] financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 6511(h)(2)(A). A person is not financially disabled if "any other person is authorized to act on behalf of such individual in financial matters." *Id.* § 6511(h)(2)(B).

No person may be considered financially disabled unless "proof of the existence thereof is furnished in such form and manner as the Secretary may require." *Id.* § 6511(h)(2)(A). The Secretary has promulgated the form and manner of such proof in Revenue Procedure 99-21. *See* Rev. Proc. 99-21, 1999-17 I.R.B. 18 [hereinafter Rev. Proc. 99-21]. To qualify as financially disabled, the claimant must submit two statements at the time he or she submits the claim. Rev. Proc. 99-21 § 4. First, the claimant must submit a written statement from a physician that sets forth:

(a) the name and a description of the taxpayer's physical or mental impairment;
(b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;
(c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;
(d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and
(e) the following certification, signed by the physician: I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.

Rev. Proc. 99-21 § 4(1). Second, the claimant must submit a statement "by the person signing the claim for credit or refund that no person . . . was authorized to act on behalf of the taxpayer in financial matters during the period described in [the physician's letter]." Rev. Proc. 99-21 § 4(2).

"Congress chose to define 'financially disabled' very narrowly," *Meconi v. United States*, Civ. No. 12-1033-GMS, 2014 WL 3590925, at *4 (D. Del. June 6, 2014), and failure to comply with Rev. Proc. 99-21 is fatal to a claim that a taxpayer was financially disabled. *Abston v. Comm'r of Internal Revenue*, 691 F.3d 992, 995 (8th Cir. 2012) (collecting cases). Courts cannot make independent determinations as to a taxpayer's financial-disability status. *Id.* ("The limited waiver of sovereign immunity in § 6511(h) does not grant district courts power to decide *de novo* that a taxpayer was financially disabled."). Additionally, courts cannot suspend the statute of limitations for any reason other than financial disability. *Redondo v. United States*, 542 F. App'x 908, 911 (Fed. Cir. 2013) (citing *United States v. Brockamp*, 519 U.S. 347, 350-54 (1997)).

## B. Plaintiff Failed to Present the Requisite Statements to the IRS

Defendant argues, and Plaintiff does not challenge, that Plaintiff cannot recover unless the tolling provisions of § 6511(h) apply. (Dkt. 21 at 7-12; *see* Dkt. 24 at 9). In other words, unless Plaintiff satisfies the criteria of financial disability, then Defendant cannot be deemed to have waived sovereign immunity and this Court lacks subject matter jurisdiction.

For purposes of the statute of limitations calculation, Ms. Kirsch paid the alleged overpayment for tax year 2008 on April 15, 2009. *See* 26 U.S.C. § 6513. Plaintiff simultaneously filed a claim and return on June 5, 2014. (Dkt. 17 at ¶ 21). The claim was thus timely within the meaning of § 6511(a) because the claim was filed within three years of the date that the return was filed. *See Weisbart v. United States Dep't of Treasury*, 222 F.3d 93, 95 (2d Cir. 2000) (finding that as long as a claim is filed within three years of the return, it is timely under § 6511(a), regardless of whether the return itself is timely), *abrogated on other grounds as recognized in In re WorldCom, Inc.*, 723 F.3d 346, 358 (2d Cir. 2013).

However, the "look-back" period operates to bar Plaintiff's claim unless tolling applies. In other words, Plaintiff filed her claim on June 5, 2014 (*see* Dkt. 17 at ¶¶ 17-21), and thus can only recover taxes paid within three years prior to that date—of which there were none—unless tolling applies.

Plaintiff's taxes for 2008 were deemed to have been paid on April 15, 2009. *See Pasterino*, 1998 WL 712439, at *1; 26 U.S.C. § 6513(b)(2). To satisfy the look-back

period such that Plaintiff could recover her overpayment, the claim must have been filed by April 15, 2012. *See Lundy*, 516 U.S. at 240.

Plaintiff argues that the statute of limitations should be tolled because Ms. Kirsch was financially disabled within the meaning of § 6511(h). (Dkt. 24 at 9-21). Plaintiff asserts that it complied with Rev. Proc. 99-21. (*See id.*). Plaintiff sent two documents to the IRS—one from Dr. Mazzoni, and one from Harold—to support its tolling claim. (Dkt. 17-5 at 6-7). Both documents failed to comply with Rev. Proc. 99-21.

### 1. Dr. Mazzoni's Statement Failed to Comply with Rev. Proc. 99-21

Pursuant to Rev. Proc. 99-21 § 4(1)(d), a statement by a physician must include a statement attesting to "*the specific time period* during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs." Rev. Proc. 99-21 § 4(1)(d) (emphasis added). Dr. Mazzoni's letter merely states that "Mrs. Kirsch *would have begun* to experience adverse effects of her mental impairment first in 2007. . . ." (Dkt. 17-5 at 6 (emphasis added)). The letter in no way states that, as of 2007, Ms. Kirsch was prevented from managing her financial affairs. While the letter provides a diagnosis date (January 3, 2012), as well as the year that Ms. Kirsch first began experiencing symptoms (2007), the letter provides no detail as to the *specific time period* of Ms. Kirsch's alleged financial disability—*i.e.*, when she was prevented from managing her financial affairs by reason of a medical or mental impairment which could be expected to result in death or last for a continuous period lasting for not less than 12 months. Therefore, the letter fails to satisfy Rev. Proc. 99-21. Because of this, tolling is not warranted under § 6511. *See, e.g., Pleconis v. Internal Revenue Serv.*, Civil Action

No. 09-5970 (SDW)(ES), 2011 WL 3502057, at *5 (D.N.J. Aug. 10, 2011) (finding that a physician's statements that "surgeries, rehabilitation and pain medication *could be expected* to have an adverse effect on the patient's ability to carry out business and personal activities correctly" and "due to [the p]laintiff's medical condition, there *may be* adverse effects on the patient's ability to carry out business and personal activities correctly" were insufficient to satisfy the standard set forth in Rev. Proc. 99-21 § 4(1)(d)).

In an attempt to avoid such a finding, Plaintiff attaches to its response papers a new statement from Dr. Mazzoni, dated January 20, 2017. (Dkt. 24-1 at 1). Plaintiff asserts that this additional statement "would remedy, under all circumstances, any alleged technical deficiencies that may or could have existed with Dr. Mazzoni's October 22, 2015 statement." (Dkt. 24 at 14). Plaintiff is mistaken. Although "technical deficiencies may be cured by a supplemental statement," *see Bowman v. Internal Revenue Serv.*, No. CIV S-09-0167 MCE GGH PS, 2010 WL 1780194, at *5 (E.D. Cal. Apr. 30, 2010), Dr. Mazzoni's supplemental statement fails to remedy the issues with the October 22, 2015, statement. The bulk of Dr. Mazzoni's supplemental statement points to possible memory issues beginning in 2007, but the statement, conspicuously, does not state the "specific time period" during which Ms. Kirsch was prevented from managing her financial affairs, as required by Rev. Proc. 99-21 § 4(1)(d).

Even if Dr. Mazzoni's supplemental statement substantively complied with Rev. Proc. 99-21, it is procedurally deficient. Submitting a supplemental statement to this Court is not sufficient to comply with the requirements of Rev. Proc. 99-21, for the

regulations require that the physician's statement be "submitted *with a claim for credit or refund for tax*." Rev. Proc. 99-21 § 4 (emphasis added); *see, e.g., Freeman v. United States*, No. Civ.A. H-05-1204, 2005 WL 3132185, at *5 (S.D. Tex. Nov. 22, 2005) ("The physician's statements must be submitted with the refund claim."). Thus, Plaintiff failed to follow the procedural requirements of Rev. Proc. 99-21. *See, e.g., Bryuhanova v. Internal Revenue Serv.*, Civil No. 13-2170 (DWF/LIB), 2014 WL 2178584, at *6 (D. Minn. Mar. 24, 2014) ("Plaintiff's mistake was not that she failed to submit this letter with her *Complaint*, but rather, that she failed to submit it *when she filed for her refund*.").

Plaintiff next argues that Dr. Mazzoni's October 22, 2015, statement substantially complies with the regulation, and, therefore, is sufficient under Rev. Proc. 99-21. Where a claimant substantially complies, but fails to strictly comply, with the technical regulatory requirements under the tax code, the doctrine of substantial compliance saves what would otherwise be a fatal error. *See Scheidelman v. Comm'r of Internal Revenue*, 682 F.3d 189, 199 (2d Cir. 2012); *see, e.g., Walter v. United States*, Civil Action No. 09-420, 2009 WL 5062391, at *10 (W.D. Pa. Dec. 16, 2009) (finding that substantial compliance with Rev. Proc. 99-21 was sufficient to establish tolling under § 6511(h)); *see also Reilly v. United States*, Case No. CV 14-079369 DDP (PJWx), 2015 WL 5305210, at *4 (C.D. Cal. Sept. 10, 2015) ("The 'substantial compliance' doctrine is grounded in a set of circuit-level and Supreme Court cases allowing 'informal claims' to provide the IRS fair notice as to a taxpayer's grounds for a refund, even if such informal claims do

not strictly 'comply with formal requirements of the statute and regulations.'" (quoting *United States v. Kales*, 314 U.S. 186, 194 (1941))).

In *Walter*, a Western District of Pennsylvania court found that even though a physician's statement failed to specifically state that the claimant was prevented from managing his financial affairs and failed to include the required certification, the physician substantially complied with Rev. Proc. 99-21 § 4(1). *Walter*, 2009 WL 5062391, at *10. The physician's statement was so detailed that "the clear import of [the physician's] letter was that [the claimant's medical issue] prevented him from managing his financial affairs," and there was no reason to think that the physician would not certify that he was giving a true, accurate, and complete description of the claimant's medical condition. *Id.*

Here, by contrast, one cannot deduce the dates of Ms. Kirsch's alleged financial disability from Dr. Mazzoni's October 22, 2015, statement. The statement provides the date of diagnosis (January 3, 2012), the year in which Ms. Kirsch started to report issues (2007), and that the symptoms became progressively worse. In no way is the "clear import" of the statement that Ms. Kirsch's symptoms were sufficient during a specific time period to toll the statute of limitations. *See, e.g., Henry v. United States*, Civil Action No. 3:05-CV-1409-D, 2006 WL 3780878, at *4 (N.D. Tex. Dec. 26, 2006) (finding that a physician's "statement [did] not comply with the requirement of Revenue Procedure 99-21, because the letter neither contain[ed] [the physician's] medical opinion that [the claimant's] physical impairment prevented her from managing her financial affairs . . . nor [did] it state, to the best of [the physician's] knowledge, the specific time

period during which [the claimant] was prevented by such physical impairment from managing her financial affairs"). *Cf. Reilly*, 2015 WL 5305210, at *4 ("The IRS could easily have inferred from the 2011 letter that the disability was present through the period of requested tolling."). The statement must set forth the specific time period, to the best of the physician's knowledge, during which the taxpayer was prevented from managing the taxpayer's financial affairs. Rev. Proc. 99-21 § 4(1)(d). Here, at best, Dr. Mazzoni certified that Ms. Kirsch's mental impairments began in 2007, and gradually increased to the point where she was prevented from managing certain aspects of her financial affairs, but the specific time period is not set forth such that one can conclude when Ms. Kirsch was prevented from managing her financial affairs.

The same can be said of the supplemental statement. Even if the statement was procedurally proper, the language of the letter does not allow the Court to infer, with any reasonable certainty, when Ms. Kirsch became financially disabled. The supplement only provides that Ms. Kirsch had some short-term recall impairment as early as 2007, and that her cognitive impairments "became progressively worse." (Dkt. 24-1 at 1).

### 2. Harold's Statement Fails to Comply with Rev. Proc. 99-21

Even if Dr. Mazzoni's statement was sufficient, this Court nonetheless lacks jurisdiction because Harold's statement does not satisfy Rev. Proc. 99-21. Under that regulation, a claimant must state that "no person . . . was authorized to act on behalf of the taxpayer in financial matters during the period described in [the physician's letter]." Rev. Proc. 99-21 § 4(2). Harold's letter does the exact opposite—he states "I *was* authorized to act on behalf of [Ms. Kirsch]. . . ." (Dkt. 17-5 at 7 (emphasis added)). He

goes on to state that the durable power of attorney was "effective after April 1, 2009. . . ." (*Id.*). A plain reading of Harold's letter shows that the documentation submitted to the IRS failed to satisfy Rev. Proc. 99-21 § 4(2).

With regard to this requirement, Plaintiff seeks, in essence, *de novo* review of Ms. Kirsch's authorizations. Plaintiff argues the two durable powers of attorney were not actually effective under Massachusetts law until the designees became aware that they had such authorization. (Dkt. 24 at 15-20). It is beyond the power of this Court to conduct a *de novo* review. *See Abston*, 691 F.3d at 995. Harold's letter to the IRS, on its face, failed to satisfy Rev. Proc. 99-21. Even assuming Plaintiff is correct regarding Massachusetts law, Harold's letter states, unequivocally, that he *was* authorized to act on Ms. Kirsch's behalf during the time periods referenced in Dr. Mazzoni's October 22, 2015, statement. As such, Plaintiff failed to comply with Rev. Proc. 99-21 § 4(2), which requires a statement that "no person . . . was authorized" to act on the taxpayer's behalf.[1]

Rev. Proc. 99-21 establishes the information a claimant is required to provide when seeking to toll under § 6511(h). "Courts are not 'delegated a generalized power to expand the statute of limitations wherever a court concludes that equity so requires.'" *Meconi*, 2014 WL 2590925, at *6 (quoting *Brockamp*, 519 U.S. at 353). Plaintiff failed to present the information required by Rev. Proc. 99-21 to the IRS. As such, the claim is untimely, there is no waiver of sovereign immunity, and this Court lacks subject matter

---

[1] In opposition to the motion to dismiss, Plaintiff submits an affidavit from Harold. (*See* Dkt. 24-4). The affidavit states only that Harold was unaware that he had been appointed with a durable power of attorney until January 2013, and that he did not exercise the powers of attorney until 2014. (*Id.* at 1). The affidavit does not state that Harold lacked the authority to act on Ms. Kirsch's behalf. (*See id.*).

jurisdiction. *See, e.g., Redondo*, 542 F. App'x at 911 ("[S]ection 6511 specifically provides that suspension of the statute of limitations is appropriate only when a taxpayer is financially disabled. Because [the plaintiff] has not established financial disability, the Court of Federal Claims was correct to dismiss his claim for lack of subject matter jurisdiction."); *Meconi*, 2014 WL 2590925, at *6 ("If the taxpayer does not qualify for a tolling of the statutory time period under the financial disability exception, the IRS retains these funds, and [a] court may not intervene.").

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. 11) is granted.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: July 13, 2017
       Rochester, New York